O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA SOTO,<br>        Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | Case No. CV 11-8329-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[1] now rules as follows with respect to the two disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

## I.
## **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1) Whether the Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") assessment was supported by substantial evidence;

(2) Whether the ALJ properly evaluated Plaintiff's subjective complaints; and

(3) Whether Plaintiff's additional evidence was properly considered.

(JS at 3.)

## II.
## **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /

# III.
# DISCUSSION

## A. The ALJ's Findings.

The ALJ found that Plaintiff has the following severe impairments: rheumatoid arthritis affecting the knees, lumbar spine, and right hand. (Administrative Record ("AR") at 16.) The ALJ concluded that Plaintiff retains the RFC to perform light work, except that she must avoid exposure to extreme cold. (Id. at 17.)

Relying on the testimony of the vocational expert ("VE"), the ALJ found that Plaintiff is able to perform her past relevant work as a sewing machine operator, wire worker, and labeler. (Id. at 18.) Thus, the ALJ determined that Plaintiff has not been under a disability, as defined in the Social Security Act. (Id. at 18.)

## B. The ALJ's RFC Assessment Was Supported by Substantial Evidence.

Plaintiff contends that the ALJ's RFC determination is erroneous because it lacks the support of substantial evidence. (JS at 3.) She argues that the evidence demonstrates she has an RFC of no more than sedentary exertion. (Id. at 5, 14.) The Court disagrees.

A plaintiff's RFC is what she can still do despite existing exertional and non-exertional limitations. See 20 C.F.R. § 404.1545(a)(1); Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009); Frost v. Barnhart, 314 F.3d 359, 366 (9th Cir. 2002). An RFC assessment must consider all the relevant evidence, including the diagnoses, treatment, observations by the treating physicians and family members, medical records, and the claimant's own subjective symptoms. See Soc. Sec. Ruling 96-5p; 20 C.F.R. § 404.1527(e)(2) (stating that a residual functional capacity finding is not a medical opinion but an administrative finding that is reserved to the

3

Commissioner).

The opinions of treating physicians are entitled to special weight because the treating physician is hired to cure and has a better opportunity to know and observe the claimant as an individual. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Thomas v. Barnhart, 278 F.3d 947, 956-57 (9th Cir. 2002); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended). Even if the treating physician's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing specific, legitimate reasons, supported by substantial evidence in the record. Id. at 830-31; see also Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008); Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007).

Here, the ALJ provided clear and convincing reasons for rejecting the opinion of Dr. Brian Huh, Plaintiff's treating physician, who limited Plaintiff to sedentary work. The ALJ found that such limitation was not supported by Dr. Huh's own objective findings. Specifically, the ALJ noted that Dr. Huh's September 2008 report showed that Plaintiff's joints were normal and that the only indication of disease process was subjective tenderness. (AR at 17, 223-25.) He further pointed to other examination results which were consistent with the September 2008 report, including X-rays done in September 2009. (Id. at 17, 321-26.) These X-rays showed no abnormalities in Plaintiff's bilateral wrists, pelvis, and left hand, and showed only mild osteoarthritic changes in her bilateral knees, lumbar spine, and right hand. (Id. at 321-26.)

The ALJ also properly considered the effects of Plaintiff's obesity in making his RFC determination. Where there is evidence of obesity, the ALJ must determine the effect of the claimant's obesity upon her other impairments, her ability to work, and her general health. Celaya v. Halter, 332 F.3d 1177,

4

1181 (9th Cir. 2003); see also Soc. Sec. Ruling 02-01p (requiring an ALJ to consider the effects of obesity in all steps of the five-step sequential evaluation). Finding that Plaintiff's size increased stress upon movement, the ALJ therefore rejected the assessment of the Disability Determination Service ("DDS") evaluator that Plaintiff could perform medium work because such assessment did not properly account for the effects of Plaintiff's obesity. (AR at 17-18.)

Based on the foregoing, the Court finds that the ALJ's RFC assessment that Plaintiff could perform light work, avoiding exposure to extreme cold, was supported by substantial evidence. Thus, there was no error.[3]

**C.  The ALJ Failed to Properly Evaluate Plaintiff's Subjective Complaints.**

Plaintiff asserts that the ALJ improperly failed to articulate clear and convincing reasons for rejecting her subjective complaints of impairment. (JS at 17-18.) The Court agrees.

At the hearing, Plaintiff testified that she had pain in her lower back, knees, elbows, ankles, and clavicle, and in her hands during cold weather.[4] (AR at 29-30.) She said she could pick up a gallon of milk but would have to set it down almost immediately. (Id. at 30.) She said that she could walk three blocks but would experience pain in her lower back, that she could stand for only ten to fifteen minutes before her lower back would start hurting, that she could sit for no more than an hour, and that she sometimes had trouble sleeping

---

[3] Because this matter is being remanded on the credibility issue, the ALJ will have an opportunity to review the additional evidence submitted to the Appeals Council after the hearing. The ALJ will also be able to consider the impact, if any, the additional information has on the prior RFC assessment.

[4] Plaintiff defined "cold" as below seventy degrees. (AR at 34.)

5

because of pain in her shoulders, knees, and ankles. (Id. at 30, 36.) She said that she washed dishes a little at a time to avoid prolonged standing periods, that she cooked with assistance from her children, that she could not drive because of her medication, and that her only activities outside the house were going to her sister's house and attending open houses at her children's school. (Id. at 31-32.)

To treat her arthritis and inflammation, Plaintiff's medication included Methotrexate, Meloxicam, and Plaquenil. (Id. at 32; JS at 20.) She was also given Tramadol, an opiate, for "extra pain," but she tried to limit her intake. (AR at 32.)

In his decision, the ALJ rejected Plaintiff's credibility as follows:

> In making my determinations, I have also considered the claimant's subjective complaints. However, I do not find the claimant's statements sufficiently credible to justify any further limitations than those established by the objective medical record. I find that the claimant's allegations of total disability are inconsistent with her activities. The claimant states that she is extremely limited in her ability to perform basic activities like light housekeeping and grocery shopping. Yet, examination shows normal gait, full ranges of motion, and no objective sign of impairment. Surely if the claimant were as limited in activities of daily living as she claims to be, there would be some outward sign of impairment.
>
> Furthermore, the claimant's subjective complaints are not consistent with the treatment she receives. She alleged that she is in constant pain, but treats her pain with only nonsteroid anti-inflammatory medications and biologics, and has no history of use of narcotic pain relievers. It is reasonable to assume that if the claimant were as disabled as she claimed, she would have told her doctor, and

>           the doctor would have ordered more aggressive treatment.
>
>           Finally, she states that her medications cause dizziness,
>           nausea, diarrhea, drowsiness, headaches, and blurry vision, but failed
>           to mention these side effects to her doctor, which suggests that she
>           was not very troubled by them.

(Id. at 18 (internal citations omitted).)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell, 947 F.2d at 343.

To determine whether a claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or

inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas, 278 F.3d at 958-59; see also Smolen, 80 F.3d at 1284.

In this case, the ALJ failed to provide clear and convincing reasons for finding Plaintiff's subjective complaints of impairment less than credible. Although the ALJ found that Plaintiff's claims of total disability were inconsistent with her activities and with the lack of any outward signs of impairment, he did not specifically discuss what these activities were or why they were inconsistent with Plaintiff's subjective complaints. (AR at 18.) The ALJ merely mentions an examination, without citation, which showed normal gait, full ranges of motion, and no objective sign of impairment. (Id.) Although the ALJ did not identify the source of this examination, the only such examination in the record showing those results is Dr. Rocely Ella-Tamayo's consultative examination. (Id. at 225-32.) The ALJ may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence. Bunnell, 947 F.2d at 346-47. Furthermore, the ALJ inappropriately assumed that such pain severity would have visible outward effects. An ALJ may not substitute his own medical conclusions for those of physicians. Tacket v. Apfel, 180 F.3d 1094, 1102-03 (9th Cir. 1999).

The ALJ also found that Plaintiff's subjective complaints were inconsistent with the treatment she receives. Specifically, he said that Plaintiff "treats her pain with only nonsteroid anti-inflammatory medications and biologics, and has no history of use of narcotic pain relievers." (AR at 18.) However, this is incorrect, as Plaintiff was prescribed Tramadol, an opiate-based narcotic, for her "extra" pain. Furthermore, Plaintiff was already taking

Plaquenil, which is used to treat rheumatoid arthritis in patients whose symptoms have not improved with other treatments. Thus, the ALJ's statement that Plaintiff's pain was not being treated with narcotics, or with more "aggressive treatment," is not supported by the evidence.

The ALJ further found that Plaintiff failed to mention side effects of her medications to her doctor, thus suggesting that such side effects did not trouble her very much. (Id.) However, this suggestion does not provide a clear and convincing reason for discrediting Plaintiff's credibility because even if she was not very troubled by the side effects, such lack of side effects does not take away from the other subjective symptoms about which she did complain.

The ALJ's reasons for rejecting Plaintiff's testimony regarding her subjective pain are not clear and convincing. Thus, the Court finds that the ALJ failed to properly consider Plaintiff's credibility.

**D.     The Appeals Council Properly Considered Plaintiff's Additional Evidence.**

Plaintiff also claims that the ALJ's RFC determination was inadequate in failing to address additional evidence submitted to the ALJ after the hearing but before the decision. (JS at 23.) However, it does not appear that such evidence was included in the record before the ALJ.[5] As a result, Plaintiff again submitted the records to the Appeals Council after the ALJ issued his decision. (Id.) The Court construes Plaintiff's argument to be that the Appeals Council improperly failed to consider this additional evidence. (Id.)

If new and material evidence is submitted after the ALJ's decision, the Appeals Council shall consider such evidence "only where it relates to the period on or before the date of the [ALJ] hearing decision." See 20 C.F.R. §

---

[5] The ALJ did not reference the additional evidence in his decision, nor did he include the evidence in his list of exhibits. (AR at 16-22.)

9

404.970(b). The Appeals Council will overturn an ALJ's decision only when it determines, after a review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence. Id.; see also Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996) (citing Bates v. Sullivan, 894 F.2d 1059, 1064 (9th Cir.1990), overruled on other grounds by Bunnell v. Sullivan, 947 F.2d 341, 342 (9th Cir. 1991) (en banc)). Moreover, in the Ninth Circuit, where a claimant has submitted additional materials to the Appeals Council in requesting review of the ALJ's decision, the district court may consider the new evidence "because the Appeals Council addressed them in the context of denying [the claimant's] request for review." Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir. 2000) (citing Ramirez v. Shalala, 8 F.3d 1449 (9th Cir. 1993)).

The additional evidence specifically at issue here is the set of X-rays taken on October 23, 2009. (AR at 398-402.) The additional evidence was considered and addressed by the Appeals Council in the "Notice of Appeals Council Action" issued on August 10, 2011. (Id. at 1.) In denying Plaintiff's request for review, the Appeals Council stated:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. [¶] We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(Id. at 1-2.)

Because the Appeals Council specifically addressed the additional evidence in denying Plaintiff's request for review, this Court may review the additional evidence. See Harman, 211 F.3d at 1180; see also Ramirez, 8 F.3d at 1452. After reviewing the additional evidence, the Court agrees with the Appeals Council that the additional evidence is insufficient to warrant a

remand. Here, the October 2009 X-rays showed normal results for the bilateral hands, but showed moderate joint space narrowing of the bilateral wrists, mild degenerative joint disease of the lumbar spine and moderate disc space narrowing of L5-S1, mild joint space narrowing of the right hip, and moderate to severe degenerative joint disease and medial joint space narrowing of the bilateral knees. (AR at 398-402.) Although the October results potentially show more restrictive limitations,[6] Plaintiff provided no evidence interpreting the films, and without more, this additional information does not undermine the substantial evidence in support of the ALJ's RFC assessment. See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("[A] court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'") (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).

Based on the foregoing, the Court finds that the additional evidence alone is insufficient to warrant remand. However, because this case is to be remanded on the credibility issue, the ALJ will nonetheless have an opportunity to review the additional evidence.

**E.    This Case Should Be Remanded for Further Administrative Proceedings.**

The law is well established that remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Remand for payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed,

---

[6] Defendant concedes that the additional evidence indicates potentially more restrictive limitations from Plaintiff's conditions. (JS at 11, 12.)

11

1  Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand
2  would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d
3  716, 719 (9th Cir. 1985).  Here, the Court concludes that further administrative
4  proceedings would serve a useful purpose and remedy the administrative
5  defects discussed herein.

## IV.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: June 19, 2012

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge